**UNITED STATES BANKRUPTCY COURT**
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**In re:**

| | |
|---|---|
| **DAWN ROBERTS GODFREY** | Case No. 01-52454-A |
| **F.K.A. DAWN JUANITA ROBERTS,** | |
| Debtor. | Chapter 7 |
| **DORIS NOBLE,** | |
| Plaintiff, | |
| v. | APN 04-5062 |
| **DAWN ROBERTS GODFREY,** | |
| Defendant. | |

---

**AMENDED MEMORANDUM OPINION AND ORDER**

---

This matter came before the Court on the plaintiff's Complaint to Determine the Dischargeability of a portion of the defendant debtor's debt. This Court must determine whether the balance of $7,993.32, which the plaintiff paid to the debtor as required by a Firm Equity Assumption Agreement, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) for being obtained by false pretenses, false representation, or actual fraud.

1

This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

In July 1998, Doris Noble, a resident of New York at the time, was searching for a house to purchase in the Newport News area. Through a friend she contacted a realtor, John Warner, who gave Noble information about a house owned by Dawn and Ernest Godfrey.[1] Noble agreed to purchase the Godfrey's home located at 211 Colony Road, Newport News, Virginia. All three parties signed a document entitled "Firm Equity Assumption" ("Agreement"),[2] which was dated July 11, 1998.[3] The agreement required Noble to pay a $500.00 deposit and an additional $9,500.00 at settlement. Noble paid Godfrey the $500.00 deposit by money order dated July 26, 1998. When requested by the debtor, Noble also paid Godfrey the $9,500.00 prior to settlement, which according to the agreement was not due until settlement.

At the time the agreement was signed the house was vacant and there were late fees due on the mortgage in the amount of $1,060.80.

In July 1998, Noble began paying Godfrey what Noble considered to be the mortgage payments on the subject property and she moved into the house approximately six months

---

[1] Mr. Warner did not act as Noble's real estate agent. He merely provided the information and relayed the deposit money order to Godfrey.
[2] Mr. and Mrs. Godfrey separated in 1998 and he was not a party to this hearing.
[3] The parties also signed a Purchase Agreement on the same day. That document states the parties' names, the address of the property to be purchased, and that the assumption was to be completed by a "Contract of Deed." Because it is the language of the Firm Equity Assumption that is in issue in this case, the Court will focus the analysis in this Memorandum on that document alone.

2

thereafter. Noble continued making "mortgage payments" to Godfrey for at least nine out of the twelve ensuing months; payments which both parties agreed were to be made to Godfrey's mortgage company. Noble never applied for the assumption of Godfrey's mortgage and a closing never took place regarding the subject property. Finally, the mortgage company, First Union, foreclosed on the property in late 1999.

Godfrey filed a Chapter 13 petition on September 4, 2001, and her case was converted to a Chapter 7 on June 21, 2004. While the case was pending as a Chapter 13, the trustee paid Noble a total of $2,006.68 of the $10,000.00 Noble paid to Godfrey, leaving a balance of $7,993.32 due to the plaintiff.

## CONCLUSIONS OF LAW

Bankruptcy relief offers debtors a fresh start; therefore, any exceptions to discharge are to be construed narrowly and against the creditor. *Gleason v. Thaw*, 236 U.S. 558, 561-61 (1915), *In re Sparrow*, 306 B.R. 812, 812 (Bankr. E.D. Va. 2003), *In re Heilman*, 241 B.R. 137, 148 (Bankr. Md. 1999). Section 523 (a)(2)(A) excepts from discharge any debt incurred through false pretenses, false representations or fraud. 11 U.S.C. § 523(a)(2)(A) (2004). That section specifically states:

> [a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> ….
>
> (2) for money, property, service, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, false representations, or actual fraud, other

3

>than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

The plaintiff has the burden to prove the debt is nondischargeable according to Bankruptcy Rule 4005, and must do so by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991), *In re Biondo*, 180 F.3d 126, 134 (4th Cir. 1999).

In order to prove a debt nondischargeable under § 523(a)(2)(A), the plaintiff must prove

> (1) that the debtor made misrepresentations or committed other fraud;
>
> (2) that at the time the debtor knew the conduct was fraudulent;
>
> (3) that the debtor's conduct was with the intention and purpose of deceiving or defrauding the creditor;
>
> (4) that the creditor relied on the debtor's representations or other fraud; and
>
> (5) that the creditor sustained loss and damage as the proximate result of the misrepresentations of the fraud.

*In re Hale*, 274 B.R. 220, 222 (Bankr. E.D. Va. 2001). The elements of this test are conjunctive, so if the plaintiff fails to prove any one of them she can not prevail.

From the outset it appears that the plaintiff does not fare well. There is no evidence before the Court proving that the debtor made any misrepresentation or committed other fraud regarding the payment of the $10,000.00. Both women testified that Noble paid the $500.00 deposit to Godfrey through Mr. Warner and that Noble later

paid $9,500.00 to Godfrey outside a Wal-Mart store in Newport News prior to the closing under the agreement.

Godfrey testified that the payment of the $9,500.00 was to purchase Godfrey's equity in the house. She stated she had purchased her current home in this same manner, using the same Firm Equity Assumption agreement, and that no problems had arisen. As to the nature of the arrangement, Godfrey testified that the buyer purchases the seller's equity up front, pays the mortgage payments on the home until she either assumes the existing mortgage or obtains her own mortgage loan.

Noble testified that Godfrey stated she needed the $9,500.00 to get the assumption done and that Godfrey needed the money before closing. This statement is not persuasive because it was Noble's responsibility to accomplish the assumption of Godfrey's loan, not Godfrey's. Noble also stated on redirect that she and Godfrey had a verbal agreement that part of that money was to be used to cure any mortgage arrearages, and apparently Noble did nothing to ensure payments were being paid to the mortgage company. This statement is contrary to the provisions of the Agreement.

The Court cannot find that the plaintiff carried her burden of proof. Absent any corroborating evidence, the Court is faced with conflicting testimony, which means that the issue becomes a question of credibility. The Court can not find any reason to afford more weight to Noble's account than that of Godfrey. While we are not impressed with either of the party's handling of such an important transaction, the Court finds that Noble has not proven by a preponderance of the evidence that Godfrey made any misrepresentations to Noble or engaged in

any other type of fraud regarding the use of the $9,500.[4] Because Noble has not proven the first element, there is no need for the Court to consider other issues.

## CONCLUSION

Based on the foregoing facts and legal conclusions:

1. The plaintiff failed to prove that the debtor made any misrepresentations or committed fraud upon the plaintiff.

2. In regard to the plaintiff's $10,000.00 payment to the debtor, plaintiff has not proven by a preponderance of the evidence that the debtor made any misrepresentations whatsoever relative to those payments or committed any other fraud required by 11 U.S.C. § 523(a)(2)(A).

3. The remaining debt in the amount of $7,993.32[5] is dischargeable by the debtor.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 2, 2005

_____
DAVID H. ADAMS
United States Bankruptcy Judge

Copies to:
    Barry W. Spear, Esq.
    Clara P. Swanson, Esq.
    Richard G. Poinsett, Esq.

---

[4] The Court would have like to have heard from John Warner, the real estate agent who was responsible for introducing the parties, and possibly Noble's daughter-in-law, who accompanied Noble to the Wal-Mart when Noble paid Godfrey the money.

[5] The plaintiff only sought to recover $7,993.32 from the debtor, representing the balance of the $10,000.00 not reimbursed by the Chapter 13 trustee. The plaintiff did not seek to recover any of the "mortgage payments" she paid to the debtor, which is significant in itself.